**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1305-17T4

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION,

    Plaintiff-Respondent,

v.

ARAXIE BOYADJIAN, her
heirs, devisees, and personal
representatives and his/her, their,
or any of their successors in right,
title and interest, WELLS FARGO
BANK, NATIONAL ASSOCIATION,
MARV BRANDON, RAIT
PARTNERSHIP LP, STATE OF
NEW JERSEY, UNITED STATES
OF AMERICA, JACK BOYADJIAN,
his heirs, devisees, and personal
representatives and his/her, their,
or any of their successors in right,
title and interest, BANK OF AMERICA,
N.A. f/k/a SUMMIT BANK, SCHWARTZ
SIMON EDELSTEIN & CELSO LLC,
f/k/a SCHWARTZ SIMON EDELSTEIN
CELSO & KESSLER LLC, H&D
ROSETTO INC., CARLUCCIO LEONE
DIMON DOYLE & SACKS LLC, GARY
S. OLSHAN PC, MARSHALL DENNEHY
WARNER COLEMAN GOGGIN,

JACOBS LAW GROUP PC, and
WANDA CRUZ,

 Defendants,

and

HELEN BOYADJIAN, and SOSSI
AVRIGIAN, their heirs, devisees,
and personal representatives and
his/her, their or any of their
successors in right, title and interest,

 Defendants-Appellants.
_____

   Submitted January 9, 2019 – Decided January 18, 2019

   Before Judges Reisner and Mawla.

   On appeal from Superior Court of New Jersey,
   Chancery Division, Bergen County, Docket No. F-
   002239-16.

   Ballon Stoll Bader & Nadler, PC, attorneys for
   appellants (Vano I. Haroutunian, on the brief).

   McCalla Raymer Leibert Pierce, LLC, attorneys for
   respondent (Brian P. Scibetta, on the brief).

PER CURIAM

 Defendants Helen Boyadjian and Sossi Avrigian appeal from an April 28,

2017 order, which denied their motion for reconsideration of a February 17,

A-1305-17T4

2017 order that granted plaintiff's motion to strike defendants' answer and enforce a note and mortgage possessed by plaintiff. We affirm.

The following facts are taken from the motion record. On September 30, 2004, Helen[1] and her mother, Araxie Boyadjian, now deceased, executed a mortgage and note, in the amount of $2,500,000, to Washington Mutual Bank (WaMu) to finance the purchase of a residence in Saddle River. The mortgage was recorded in October 2004.

On September 25, 2008, plaintiff entered into a Purchase and Assumption Agreement, in which it acquired all of WaMu's loan assets, including the note in this case. Soon after plaintiff acquired the note, it was lost.

Beginning in August 2010, Araxie defaulted on the loan. Plaintiff issued a notice of intent to foreclose and no further payments were made on the loan. As a result, plaintiff filed a foreclosure complaint in January 2016. Defendants' answers to the complaint asserted affirmative defenses, including lack of standing to foreclose, fraud, and predatory lending.

Helen's answer asserted WaMu targeted her mother because she was "an unsophisticated borrower for inappropriate or excessively expensive mortgage

---

[1] We utilize Helen and Araxie's first names to differentiate them because of their common surname. We intend no disrespect.

A-1305-17T4

terms." Helen asserted her mother was "fraudulently induc[ed] . . . to enter into an unconscionable mortgage transaction based upon an improper reliance on financial documents that did not sufficiently evidence [her] income and assets and qualification for the subject mortgage." She claimed WaMu classified Araxie's "annual income (consisting only of Social Security benefits) . . . as [Helen's], for the sole purpose of qualifying [Helen] and [Araxie] for a loan." Helen's answer also asserted WaMu knew the loan could not be repaid because she lacked the resources, the note had an adjustable rate and increased over time, and would require "repeated financing[] [that would] exacerbate[e] the loss of equity in the subject property[.]"

In December 2016, plaintiff filed a motion for summary judgment. The motion was supported by a certification of a vice president, which authenticated an affidavit prepared by another vice president in 2013. The 2013 affidavit certified a search had been conducted for the original note and plaintiff had determined the note was either lost or destroyed. Attached to the 2013 affidavit was a certified copy of the original note.

On February 17, 2017, Judge Edward A. Jerejian granted plaintiff's motion for summary judgment and struck defendants' answers. Addressing defendants' predatory lending defense, the judge concluded "[s]uch a claim

4

cannot be sustained with unsupported conclusory statements. The pleading is deficient in that it does not detail the fraud alleged." As for the standing defense, the judge stated: "Plaintiff established the terms of the instrument by attaching a copy of the note. Plaintiff also established its right to enforce the instrument by providing [a] copy of the assignment to [p]laintiff."

Defendants filed a motion for reconsideration, which Judge Jerejian denied on April 28, 2017. Defendants reiterated their standing argument, which the judge denied for the same reasons as in the February 17, 2017 order. Defendants also sought reconsideration of the dismissal of their predatory lending defense on the basis of newly discovered evidence. Judge Jerejian noted

> that in "all allegations of . . . fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable." . . . Here, [d]efendants' submissions do not meet the heightened standard. Defendants make nothing more than conclusory allegations omitting any specificity regarding dates, names of [p]laintiff's representatives, or documentation.

This appeal followed.

Our review of an order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). "[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh,

224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurch Am. Ins. Co., 210 N.J. 512, 524 (2012)). We consider all of the evidence submitted "in the light most favorable to the non-moving party" and determine if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The court may not weigh the evidence and determine the truth of the matter. Ibid. If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome [summary judgment]." Puder v. Buechel, 183 N.J. 428, 440-41 (2005) (citations omitted).

"Motions for reconsideration are granted only under very narrow circumstances[.]" Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). Reconsideration should be used only for those cases where "either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). As such,

6

we review a trial court's denial of reconsideration for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

Defendants repeat the arguments that plaintiff lacked standing to enforce the note, engaged in fraudulent and predatory lending practices, and summary judgment in plaintiff's favor was improperly granted. Having reviewed the record guided by the aforementioned standards, we affirm for the reasons set forth in the February 17 and April 28, 2017 orders signed by Judge Jerejian. We add the following comments.

The record demonstrates plaintiff had standing to enforce the note and offers no material dispute of fact to convince us otherwise. Also, defendants proffer no specific evidence of fraud or predatory lending, let alone newly discovered evidence to support such a defense.

Indeed, defendants refer to a certification from Helen containing several supplementary documents, including a series of loan applications completed by Araxie, copies of Araxie's tax returns, and information regarding Araxie's bank accounts and credit report. However, "[t]o obtain relief from a judgment based on newly discovered evidence, the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was

not merely cumulative.'"  DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 264 (2009) (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)).  There is no indication the documents provided by defendants in support of the reconsideration motion were unavailable at the time the summary judgment motions were considered.

More importantly, we agree with Judge Jerejian's conclusion the documents shed no further light on defendants' fraud and predatory lending defenses, which were required to be pled with specificity.  As we noted, Helen was also a borrower, and the purported new evidence neither addressed her own income and assets, which were considered in order to make the loan, nor what she knew about the loan terms.  Therefore, because the terms of the note defendants signed were facially clear, they were entitled to enforcement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1305-17T4